IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOROUGH OF QUAKERTOWN, | : | CIVIL ACTION |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| VERIZON COMMUNICATIONS, INC., | : | No. 18-3344 |
| *et al.*, | : | |
| *Defendants.* | : | |

## OPINION

### I. INTRODUCTION

Currently before the Court is Plaintiff's Motion for Leave to File a First Amended Complaint (ECF No. 18) and Defendants' Response thereto (ECF No. 20). For the reasons set forth below, Plaintiff's Motion for Leave to File a First Amended Complaint (ECF No. 18) is denied.

### II. BACKGROUND

On August 7, 2019, Plaintiff filed its Complaint in the instant matter. Plaintiff's Complaint deals with the ownership and rights to telephone polls located in the Borough of Quakertown. The major dispute between the parties pertaining to the telephone polls stems from a 1915 Agreement between Plaintiff and Defendants' predecessor-in-interest, the Bell Telephone Company of Pennsylvania. In short, Plaintiff alleges in its original Complaint that the 1915 Agreement was valid at the time that parties entered into it, but it was abandoned by the parties

over time by custom and usage, while Defendants maintain that the 1915 Agreement remains in full force and effect. After Defendants answered Plaintiff's Complaint, the Court held a Rule 16 conference on December 11, 2018. Following the Rule 16 conference, the Court issued a Scheduling Order dated December 21, 2018. The Scheduling Order provides the parties with a substantial amount of time to complete discovery in this matter, as factual discovery does not need to be completed until June 10, 2019. On March 29, 2019, Defendants filed a Motion for Leave to Amend Answer to Include Counterclaim. On April 8, 2019, Defendants' Motion for Leave was granted, and Defendants' Amended Answer with Counterclaim was filed on April 9, 2019. Plaintiff did not file its instant Motion for Leave until April 29, 2019.

## III. STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 15(a)(1), a party may amend its pleading without leave within "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a). However, in all other situations, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." When justice so requires, the request for leave to amend should be granted freely. *Id.* "This standard encompasses a broad range of equitable factors,

including a party's delay in seeking leave to amend and any prejudice to the opposing party. Only when these factors suggest that amendment would be 'unjust' should the court deny leave." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006) (internal citation omitted). Other equitable factors courts should consider include, bad faith, dilatory motive by the plaintiff, repeated failure to cure deficiencies, and futility of an amendment. *Forman v. Davis*, 371 U.S. 178, 182 (1962). A grant or denial of a motion for leave to file an amended complaint is "within the discretion of the District Court," however if the court denies such a motion, it must have a "justifying reason" for doing so. *Id.*

## IV. DISCUSSION

In the instant matter, Plaintiff cannot file an amended complaint as of right and has not received the written consent of the opposing party to file an amended complaint, therefore, it must seek the Court's permission. Plaintiff, first, seeks to amend its Complaint on the basis that it wants to include in the amended complaint that the 1915 Agreement needed to be approved by the Public Service Commission of the Commonwealth of Pennsylvania as a condition precedent to it being valid. This basis for an amendment was clearly known to the Plaintiff when it originally filed its Complaint. This is evident by the fact that Plaintiff admits that the 1915 Agreement contains a provision making its effectiveness subject to approval by the Public Service Commission of the Commonwealth of Pennsylvania. *See* ECF No.

18-2 at 3. This provision was not something that was first revealed during discovery. Knowledge of this provision and its alleged impact on the 1915 Agreement was available to Plaintiff from the outset of this litigation. This knowledge and subsequent delay is a significant factor weighing against plaintiff in its request to amend the Complaint on this basis, some ten months later.

Plaintiff also seeks to amend its Complaint to plead that it does not admit or deny whether the parties originally entered into the 1915 Agreement. This would be a complete reversal from Plaintiff's original pleading which unequivocally states that the parties entered into the 1915 Agreement, but the Agreement was abandoned by the parties over time by custom and usage. *See* ECF No. 1 ¶¶ 17, 22-23. Plaintiff seeks to abandon its original statement that the parties originally entered into the 1915 Agreement (which defendants admitted to in their Answer). Granting this dilatory Motion would alter the course of ten months' worth of litigation, conferences, scheduling, discovery, and preparation for private mediation.

Plaintiff submits that Defendants would not suffer any prejudice if their Motion to Leave was granted because "discovery is in its early stages." ECF No. 18-2 at 7. Contrary to Plaintiff's argument, Defendants would suffer prejudice if the Motion for Leave was granted because the fact discovery due date is June 10, 2019, which is quickly approaching, especially in the context that ten months of

litigation has progressed, as well as extensive discovery all leading the litigation to the cusp of mediation in just six days from today. *See* ECF No. 11. Even if Plaintiff's Motion for Leave were immediately granted, Defendants would be left with very little time to complete discovery related to Plaintiff's new allegations. Furthermore, Plaintiff, in its own Memorandum of Law, argues that "[t]he Verizon Defendants bear the burden of proof to show that the 1915 Agreement was duly approved by the Public Service Commission of the Commonwealth of Pennsylvania. No adequate proof has been provided by the Verizon Defendants to date." ECF No. 18-2 at 4. Plaintiff makes this argument in support of its position; however, this argument supports the Court's conclusion that Defendants would be prejudiced if Plaintiff's Motion for Leave was granted. Defendants did not seek to produce evidence as to whether the Public Service Commission approved the 1915 Agreement because Plaintiff's theory from the beginning of this case, over ten months ago, rested on the agreed upon fact that the 1915 Agreement was validly entered into by the parties. Based on Plaintiff's theory of the case until this point, Defendants would not have sought any discovery or investigation related to the Public Service Commission needing to approve the 1915 Agreement because the only issue was whether the parties abandoned the 1915 Agreement over time. For Defendants to be forced to produce evidence of a fact that Plaintiff has admitted throughout the entire litigation to add an implausible position given the facts of

this case, especially when the parties are currently scheduled for a private mediation on May 23, 2019 and discovery is due on June 10, 2019, would be highly prejudicial to the Defendants. Further, the private mediation would become much less effective if Plaintiff were permitted to amend its Complaint at this point in such a way that alters the course of its litigated position for the last ten months. For these reasons, allowing Plaintiff to amend its Complaint would be prejudicial to Defendants.

For these reasons, the Court denies Plaintiff's Motion for Leave to File Amended Complaint. An appropriate order will be filed in conjunction with this Memorandum.

Dated: 5-17-2019

BY THE COURT:

_____
CHAD F. KENNEY, JUDGE